UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON INVENTIONS, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>APPLE INC.<br><br>   Defendant, | Civil Action No. _ 24-10275_____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Boston Inventions, LLC (hereinafter, "Boston Inventions"), by and through its attorneys, hereby alleges for its Complaint against Apple Inc. (hereinafter, "Apple"), on personal knowledge and on information and believe as to all other matters, as follows:

## NATURE OF THE ACTION

1. In this action, Plaintiff seeks injunctive relieve and damages for willful and ongoing patent infringement under 35 U.S.C. §§ 271 et seq.

## PARTIES

2. Plaintiff Boston Inventions is a Massachusetts limited liability company with an address of 1005 Trapelo, Rd. - Unit 2 Waltham, MA 02452.

3. Defendant Apple is a California corporation located at One Apple Park Way, Cupertino CA 95014 with a registered agent within the Commonwealth being the CT Corporation System, located at 155 Federal Street, Suite 700, Boston, MA 02110.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. This Court has an exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §1331 and §1338.

5. This Court has a personal jurisdiction over Defendant having a physical place of business within the Commonwealth of Massachusetts.

6. Venue is proper in this District under 28 U.S.C. § 1391 and §1400.

## PATENT INFRINGMENT

7. On August 1, 2017, the United States Patent and Trademark Office ("PTO") issued the 9,721,712 Patent (hereinafter, the "'712 Patent"), entitled "Hybrid Mechanical and Magnetic Fastening System," after a full and fair examination to Boston Inventions.

8. The '712 Patent includes three (3) independent claims and seventeen (17) dependent claims for a "Hybrid Mechanical and Magnetic Fastening System." A true and correct copy of the '712 Patent is attached hereto as **Exhibit 1**.

## COUNT I

### Infringement of the '712 Patent

9. Plaintiff is informed, believes and thereon alleges that Defendant imported, distributed, offered for sale and/or sold to customers within the United States, and is still continuing to do so, a mechanical and magnetic wrist strap product, which Defendant refers to as the "Apple Watch Leather Link" and/or the "Fine Woven Magnetic Link" (hereinafter, the "Accused Products"). The Accused Product is offered to consumers in at least two different colors, case sizes, and band sizes and is currently being sold online and

in numerous retail outlets. A true and accurate representation of one commercial embodiment of the Accused Product from Defendant's website is attached hereto as **Exhibit 2**.

10.     The Accused Product infringes the '712 Patent because it contains all elements of the "Hybrid Mechanical and Magnetic Fastening System" identified in at least independent Claim 1 of the '712 Patent. The text of Claim 1 is reproduced below:

*Hybrid Mechanical and Magnetic Fastening System, the system comprising:*

*a plurality of first fastener components, each first fastener component having one or more primary mechanical features, the one or more primary mechanical features having a primary interference surface, the first fastener component also having a first magnetic component;*

*a plurality of second fastener components, each second fastener component having one or more secondary mechanical features, the one or more secondary mechanical features having a secondary interference surface coinciding in shape with the primary interference surface of the first fastener component so as to be interferingly engageable, the second fastener component having a second magnetic component;*

*a primary contact plane being defined as a primary plane between the first and second fastener;*

*wherein each primary interference surface and each secondary interference surface are angled with respect to the primary contact plane;*

*wherein the first and second magnetic components are configured to attract to one another and cause engagement of the primary and secondary interference surfaces; and*

*wherein the plurality of primary mechanical features and the plurality of secondary mechanical features when in an engaged state maintain a predetermined float distance between opposing primary surfaces of the primary mechanical features and opposing secondary surfaces of the secondary mechanical features.*

11. A claim chart detailing the infringement of at least Claim 1 by the Accused Product is attached hereto as **Exhibit 3**. The Accused Product meets all of the limitations of independent Claim 1 and therefore infringes the '712 Patent literally or under the doctrine of equivalents.

12. Plaintiff, by at least one letter from counsel dated June 5, 2023, informed Defendant that the Accused Product infringes the '712 Patent. A true and correct copy of the June 5, 2023 notice letter and its enclosures are attached hereto as **Exhibit 4**.

13. Plaintiff's notice letter contained a copy of the claim chart clearly detailing Defendant's infringement and a request that Defendant immediately stop all production, marketing, and sale of the Accused Product.

14. Alternatively, while under no obligation to do so, Plaintiff even offered Defendant the opportunity to license or even outright purchase the '712 Patent. Such an agreement would have allowed Defendant to continue its unauthorized activity at a reasonable price.

15. Defendant responded to Plaintiff's notice letter by a response letter dated August 1, 2023. A true and correct copy of the August 1, 2023 response letter is attached hereto as **Exhibit 5**.

16. In the response letter, Defendant feigns ignorance and sets forth dubious assertions related to non-infringement and invalidity of the '712 Patent, and then simply states that it does not require a license to continue blatantly infringing Plaintiff's patent.

17. Unfortunately for Defendant, its response to Plaintiff's notice letter merely confirms that it has had actual knowledge of the '712 Patent and infringement since at least June 5, 2023.

18. In one final attempt to resolve the dispute Plaintiff sent a final letter to Defendant on October 30, 2023. On December 12th Defendant responded stating that their position was unchanged.

19. Despite having knowledge of Plaintiff's patent and its own infringement, Defendant continues to intentionally and willfully sell the Accused Product into the stream of commerce with specific intent.

20. As a consequence of this and Defendant's other infringing activities as complained herein, Plaintiff has suffered monetary damages, and Plaintiff will continue to suffer such damages in the future unless and until Defendant's infringing activities are enjoined by this Court.

## **RELIEF**

Plaintiff respectfully requests the following relief:

A. That Defendant be declared to have infringed, and/or induced others to infringe with respect to at least Claim 1 of the '712 Patent;

B. That Defendant, its officers, agents, servants, employees, attorneys, parents, subsidiaries, affiliates, successors, and all others in active concert or participation with

them or acting on their behalf be permanently enjoined from further infringement of the '712 Patent;

C. That Defendant be ordered to account for and pay to Plaintiff all damages caused to Plaintiff by reason of Defendant's infringement of the '712 Patent pursuant to 35 U.S.C. §284, including any enhanced damages;

D. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to them by reason of Defendant's infringement of the '712 Patent;

E. An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past willful infringement and any continuing or future infringement up until the date such judgment is entered, and in no event less than a reasonable royalty, including interest, costs and disbursements pursuant to 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including without limitation those sales not presented at trial;

F. An order finding that Defendant's infringement has been willful, and that the circumstances presented justify trebling the damages awarded to Plaintiff, as provided by 35 U.S.C. § 284;

G. That this be declared an "exceptional case" pursuant to 35 U.S.C. §285 and that Defendant be ordered to pay Plaintiff's attorney fees and costs; and

H. That Plaintiff be granted such other and further relief as the case may require and the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial on all issues so triable.

| | |
|---|---|
| Date: February 1, 2024. | Respectfully submitted by,<br>Attorney for Plaintiff<br>Boston Inventions, LLC<br><br>/s/ Brendan M. Shortell<br>Brendan M. Shortell (BBO# 675851)<br>David J. Connaughton (BBO# 679451)<br>Lambert Shortell & Connaughton<br>100 Franklin Street, Suite 903<br>Boston, MA 02110<br>Telephone: 617.720.0091<br>shortell@lambertpatentlaw.com<br>connaughton@lambertpatentlaw.com |