

August 1, 2023     Via Email (connaughton@lambertpatentlaw.com)

David Connaughton
Lambert Shortell & Connaughton
100 Franklin Street, Suite 903
Boston, MA 02110

Re:     Boston Inventions Patent Assertion

Dear Mr. Connaughton,

I write in response to your correspondence to Kate Adams dated June 5, 2023. Please direct any future correspondence on this matter to me. As an initial matter, Apple respects the valid intellectual property rights of third parties, and will investigate detailed allegations of infringement.

Your June 5 correspondence alleges that the Apple Watch Leather Link band ("Leather Link") infringes claim 1 of U.S. Patent No. 9,721,712 (the "'712 patent"). Accordingly, Apple has focused its analysis on that claim. If Boston Inventions believe that Apple infringes any other claims or patents, please provide a detailed explanation.

After an initial review, we believe that Apple does not require a license to the '712 patent because Apple does not infringe the '712 patent, and the patent is also invalid. Below is a non-exhaustive and exemplary discussion why a license is not required.

### I.     Claim 1 of the '712 Patent

Claim 1 recites the following limitations:

> *Hybrid Mechanical and Magnetic Fastening System, the system comprising:*
>
> **[a]** *a plurality of first fastener components, each first fastener component having one or more primary mechanical features, the one or more primary mechanical features having a primary interference surface, the first fastener component also having a first magnetic component;*
>
> **[b]** *a plurality of second fastener components, each second fastener component having one or more secondary mechanical features, the one or more secondary mechanical features having a secondary*

Apple
One Apple Park Way
MS 39-1IPL
Cupertino, CA 95014
T +1-737-219-6999
E mwest3@apple.com
www.apple.com



*interference surface coinciding in shape with the primary interference surface of the first fastener component so as to be interferingly engageable, the second fastener component having a second magnetic component;*

**[c]** *a primary contact plane being defined as a primary plane between the first and second fastener;*

**[d]** *wherein each primary interference surface and each secondary interference surface are angled with respect to the primary contact plane;*

**[e]** *wherein the first and second magnetic components are configured to attract to one another and cause engagement of the primary and secondary interference surfaces; and*

**[f]** *wherein the plurality of primary mechanical features and the plurality of secondary mechanical features when in an engaged state maintain a predetermined float distance between opposing primary surfaces of the primary mechanical features and opposing secondary surfaces of the secondary mechanical features.*

## II.  Apple Does Not Infringe Claim 1 of the '712 Patent.

Claim 1[e] recites that "each primary interference surface and each secondary interference surface are angled with respect to the primary contact plane."  The use of angled surfaces is further explained in the specification, *e.g.* Fig. 4, which depicts various angles of the interference surface, all of which involve some form of interlocking lateral surface:





The specification further explains that the angled interference surface is utilized to "allow for differing tensile strengths between the opposing fastening components." '712 patent at 6:55-56. As the specification further explains, "the drawing together of the magnetic components are provided to facilitate proper positioning, while the mechanical components are configured to bear the majority of the coupling or clasping shear load." '712 patent at 5:34-39. Thus, an angled interference surface as claimed functions to support lateral shear stress.

The claim chart enclosed in your June 5 letter contends that the primary and secondary interference surfaces correspond to the round bumps on the Leather Link, as shown below:





But, as your own images confirm, the surfaces of the Leather Link have no angles because they are round. Accordingly, neither the alleged primary interface surface nor the secondary interface surface is "angled with respect to the primary contact plane," as required by the claim. Further, the rounded surfaces do not provide any resistance to shear force as suggested by the specification and thus cannot function in the same way as claimed. Thus, for this exemplary reason, Apple does not infringe claim 1.

### III. Claim 1 of the '712 Patent Is Invalid.

Claim 1 of the '712 patent is invalid over the prior art and also is indefinite for at least the reasons discussed below.



### A. Claim 1 Is Invalid Over the Prior Art.

To the extent that Boston Inventions maintains its infringement theories, Apple has products and patents that predate the filing of the '712 patent and anticipate or render obvious claim 1 under the claim interpretations advanced by Boston Inventions. For example, U.S. Patent No. 10,117,504 is assigned to Apple and is titled "Wearable Band Including Magnets." The application for the '504 patent was filed on May 1, 2015 and claims priority to provisional applications filed on August 9, 2014 and August 11, 2014. Thus, the '504 patent is prior art under at least 35 U.S.C. § 102(a)(2).

The '504 patent discloses each limitation of claim 1, as Boston Inventions is interpreting the claim. For example, Fig. 8 shows a cross section side view of a portion of a strap that includes magnets (elements 144 and 146) that are covered by round protrusions (element 158) which correspond to the primary and secondary "mechanical features" as Boston Inventions is interpreting this claim term. As Fig. 8 shows, these protrusions have an interface surface and coincide with the shape of the other in order to be "interferingly engageable," as claimed.



FIG. 8

In addition, Apple disclosed, sold, and offered for sale bands embodying the '504 patent before the filing date of the '712 patent. For example, this video was uploaded to YouTube on May 9, 2015 and it shows the functionality of the Apple Watch Leather Loop Band: https://youtu.be/GoyDFAOXtF0. Apple also



applied for a design patent on August 11, 2014. And D731,346 issued on June 9, 2015. Fig. 9 is representative and is reproduced below:



FIG. 9

Thus, as these exemplary prior art references show, Apple's design of its Watch bands predates the '712 patent. And Apple's prior art anticipates and/or renders obvious claim 1, as Boston Inventions is interpreting the claim.

### B. Claim 1 Is Invalid Under 35 U.S.C. § 112.

Claim 1 also suffers from at least two infirmities rendering it indefinite under 35 U.S.C. § 112. First, element 1[a] recites "a plurality of first fastener components," but 1[b] recites "***the*** first fastener component also having a first magnetic component" and "***the*** second fastener component also having a second magnetic component." (emphases added) This raises the question: to which first/second fastener component(s) is element 1[b] referring? Is it referring to each one? Or some of them? Or just one, and if so, which one? The answer is elusive because the antecedent basis for first and second fastener components is the recitation of ***a plurality*** of each. Thus, the claim does not "inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014).

Second, Element 1[c] provides another independent reason why the claim is indefinite. This element recites "a primary contact plane being defined as a primary plane between ***the first and second fastener***." (emphasis added) the "first and second fastener" limitation lacks antecedent basis. While the claim recites "a plurality of first fastener components" and "a plurality of second fastener components," there is no antecedent basis for a first and second fastener. Does this limitation intend to refer to one, some, or all of the "fastener components"? Or does it intend to refer to something else entirely? There is no way to know for sure. And thus, for this additional independent reason, claim 1 is invalid as indefinite.

### IV.    Conclusion



For at least the reasons discussed herein, a license to the Asserted Patents is not required. The reasons discussed above are merely examples of why Apple does not need a license and are not exhaustive. We reserve any omitted non-infringement, invalidity, or other defenses. If you disagree with our assessment, please provide a more detailed explanation of your position.

Sincerely,

Shawn Chi
Corporate Counsel